IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JILL NIELSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV3220 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TRACTOR SUPPLY COMPANY and | ) | |
| GARY COLLINS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion for Leave to Amend Pleadings (Filing No. 53). The plaintiff attached to the motion a draft of the amended pleading (Filing No. 53-1). Therein the plaintiff seeks to add a claim for intentional infliction of emotional distress and remove a claim under the Equal Pay Act. The defendants filed a brief (Filing No. 54) in opposition to the motion only insofar as it seeks to add a claim. The plaintiff filed a brief (Filing No. 55), with evidence attached, in reply.

BACKGROUND

The plaintiff filed the instant action on October 23, 2009, alleging employment discrimination and sexual harassment, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. and state law. **See** Filing No. 1 - Complaint. Additionally, the plaintiff alleges claims against Gary Collins (Collins) for assault and battery. *Id.* The plaintiff's claims are based on the following alleged facts. Tractor Supply Company hired the plaintiff in April 1999 and promoted her to Management Training Program/Outbound Supervisor in April 2005. *Id.* ¶ 14. The plaintiff reported to Collins who served as the Distribution Center Manager for Tractor Supply Company. *Id.* ¶¶ 13, 15. The plaintiff alleges that for two years and on at least twenty occasions, Collins would sneak up behind the plaintiff, grab her by the arms, put his head close to her neck, and make a growling noise while biting her in the area between her neck and shoulder. *Id.* ¶ 16. Although the plaintiff told Collins to stop, he laughed and continued the sexually suggestive behavior. *Id.* Additionally, Collins occasionally hid under the plaintiff's desk and would grab her

ankles and scream when she sat in her chair. *Id.* ¶ 17. Collins also turned off the lights, making the warehouse virtually black, and, over the public address system state, "I can see you" adding an evil laugh. *Id.* ¶ 18. Further, the plaintiff alleges Collins made sexually suggestive comments about the plaintiff's daughter and invited the plaintiff to look at inappropriate videos. *Id.* ¶¶ 19-20. The plaintiff alleges other managers were aware of the behavior that she found humiliating and demeaning. *Id.* ¶¶ 16-18, 23. The plaintiff resigned from her employment on September 5, 2008. *Id.* ¶¶ 16, 23. On December 18, 2009, Collins filed an answer admitting he engaged in some of the behaviors alleged by the plaintiff, but stating the plaintiff participated in the "joking behavior at work." **See** Filing No. 17. Tractor Supply Company denies the plaintiff's allegations. **See** Filing No. 18.

On January 25, 2010, the plaintiff indicated she did not anticipate the need to amend the pleadings, but could file a motion to do so by February 15, 2010. **See** Filing No. 24 p. 11. On January 26, 2010, the court entered an initial progression order based on the parties' joint planning report. The court imposed February 15, 2010, as the deadline for the plaintiff to file a motion to amend. **See** Filing No. 25. The plaintiff did not seek an extension of the deadline. On May 17, 2010, the court held a telephone conference with counsel for the parties. On May 18, 2010, the court entered the final progression order setting the discovery deadline for December 17, 2010. **See** Filing No. 38. The court also set the summary judgment deadline as October 1, 2010, and scheduled trial for February 14, 2011. *Id.* The plaintiff filed the instant motion to amend on August 17, 2010. **See** Filing No. 53.

As an initial matter, the defendants argue the plaintiff's motion should be denied because the plaintiff failed to initially file a brief in support of the motion as required by local rule. **See** Filing No. 54 - Brief p. 1 (**citing** NECivR 7.0.1(a)(1)(A)). Although the plaintiff's motion is concise, the court finds the motion, in conjunction with the proposed pleading, contains sufficient legal and factual support for the court to hear the motion on the merits. Additionally, a finding of waiver or abandonment of issues is unnecessary given the plaintiff's timely reply brief and evidence.

In any event, the defendants contend that the plaintiff's motion to amend should be denied based on undue delay and prejudice to the defendants because the extensive

discovery already undertaken may have to be re-opened. **See** Filing No. 54 - Brief p. 1-2. The defendants assert previous discovery was limited to the claims involving gender-based discrimination and common law assault and battery. However, the new claim would require discovery into a broader range of facts. Such additional discovery, according to the defendants, would create a hardship on the defendants. Further, the defendants contend the plaintiff should have been in possession of the necessary facts to allege the new claim before she filed suit, rather than seven months beyond the deadline to amend.

The plaintiff denies the new claim introduces new facts into the case. **See** Filing No. 55 - Reply p. 2. Further, the plaintiff contends sufficient discovery has already taken place to explore the facts associated with the new claim. *Id.* at 5. In the alternative, the plaintiff argues additional time exists under the current progression order to complete any necessary discovery. *Id.* at 4. For these reasons, the plaintiff denies the defendants have shown prejudice. Despite the previous existence of factual support, the plaintiff contends the decision to move to amend at this time was not dilatory, but based on further consideration of the evidence and the nature of the evidence discovered. *Id.* at 6. For example, the plaintiff provides undated testimony of a witness, other than the plaintiff, who affirms seeing Collins approach the plaintiff "hundreds of, of times over the course of three years" to growl within inches of her neck. **See** Filing No. 55 - Ex. B Sangl Depo. p. 78-79.[1]

## ANALYSIS

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires." However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); **see** *Hanks v. Prachar*, 457 F.3d 774,

---

[1] The record indicates the plaintiff scheduled Jason Sangl's deposition for June 16, 2010. **See** Filing No. 41.

3

775 (8th Cir. 2006). There is no absolute right to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Id.* (**citing** Fed. R. Civ. P. 16(b)). Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." *Id.*

The court finds the plaintiff has shown good cause for filing the motion to amend beyond the deadline imposed earlier by the court. The record shows the parties have diligently sought discovery related to the current claims. The plaintiff brought the motion to amend shortly after deposing relevant witnesses. The timing of the plaintiff's motion, particularly under the current discovery and trial schedule, does not provide evidence she engaged in undue delay.

In contrast, the defendants have failed to sustain their burden of showing unfair prejudice. The parties will have time to complete any necessary discovery as deadlines have not yet expired. Moreover, the defendants fail to specify what discovery, in addition to that already taken, would be necessary.

The plaintiff has shown good cause to allow the untimely amendment. Moreover, the proposed amendment is related to the current claims, and will not significantly delay the case or impact discovery requirements. However, if necessary, within three weeks of the date of this order the plaintiff shall make herself available for deposition, which will be conducted at her expense. Additionally, because the deadline for filing summary judgment motions would expire prior to any answers being due on the amended complaint, the court will extend the summary judgment deadline. The parties shall confer prior to seeking any additional continuances. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion for Leave to Amend Pleadings (Filing No. 53) is granted.

      2.      The plaintiff shall have to **on or before September 22, 2010**, to file the Amended Complaint.

      3.      **On or before October 4, 2010**, the plaintiff shall make herself available for deposition, which will be conducted at her expense.

      4.      The parties shall have an extension until **October 20, 2010**, to file any motions for summary judgment.

DATED this 13th day of September, 2010.

                                        BY THE COURT:

                                        s/ Thomas D. Thalken
                                        United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.